IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| PHYLASSAPHINE JACKSON, #171 926 | * |
| Plaintiff, | * |
| v. | *   2:10-CV-936-TMH |
| | (WO) |
| FRANK ALBRIGHT, | * |
| Defendant. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate incarcerated at the Julia Tutwiler Prison for Women in Wetumpka, Alabama, complains that in October of 2010 she was deprived of due process, equal protection, and access to the courts. Plaintiff names as the sole defendant Warden Frank Albright. Plaintiff requests that she be released from segregation, placed in a substance abuse program ["SAP"], and be allowed to "exercise custody." (*Doc. No. 1*.) Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Respondeat Superior*

To the extent Plaintiff files this action against Defendant Albright on the basis of *respondeat superior*, she is entitled to no relief. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92 (1978); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir. 1993). In light of the foregoing, the court concludes that Plaintiff's claims against Defendant Albright on the basis of *respondeat superior* lack an arguable basis in law and are, therefore, subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

*B. Due Process.*[2]

Although approved for a minimum-out facility and SAP, Plaintiff claims that she was sent to a medium custody facility which did not offer SAP and thereby deprived of the ability to exercise a lower custody level. The court understands Plaintiff to complain that Defendant violated her right to due process by failing to ensure her placement in a facility with a SAP program and in a facility matching her classification level.

---

[2]The plaintiff labels this claim as "harassment." To the extent that an extremely lenient construction of the claim might result in characterizing it as a retaliation claim, the claim fails because the plaintiff does not allege that she engaged in any constitutionally protected activity for which she received adverse treatment. *See Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is deprived of an interest which is in some way protected by the Due Process Clause. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court abandoned its former methodology for determining the existence of a liberty interest. Under such previous case law, a federal court ascertained whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion." *Id.* at 480. The *Sandin* Court held, however, that federal courts must instead look to the nature of the restraint imposed, rather than statutory or regulatory language, to determine if a state created a liberty interest.

> Following *Wolff*,[3] we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

515 U.S. at 483-484 (1995) (footnote added) (citations omitted). Moreover, the Court specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due

---

[3] *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Process Clause. *Id.* at 484.

Plaintiff's contention that Defendant Albright violated her right to due process by failing to ensure her proper participation in a rehabilitative prison program for which she is eligible entitles her to no relief. The law is well-settled that an inmate in the Alabama prison system has no state-created liberty interest which entitles her to participation in favorable prison programs. *See Sandin*, 515 U.S. 484. Similarly, a convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano,* 427 U.S. 215, 224 (1976). Thus, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.*; *see also Montanye v. Haymes,* 427 U.S. 236, 242 (1976). Although Plaintiff's confinement at a medium based facility may entail "more burdensome conditions" than that of a minimum-out facility, such confinement is " 'within the normal limits or range of custody which the conviction has authorized the State to impose.' [ *Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin,* 515 U.S. at 478. Because Plaintiff's claims regarding her housing placement and failure to be placed in a rehabilitative prison program fail to state a constitutional violation, they are due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

*C. Equal Protection*

Plaintiff alleges that Defendant subjected her to discrimination. Specifically, she asserts that some inmates with minimum-out custody were placed at the Montgomery Women's Center and placed in SAP but she was sent to a facility which had no law library

which impacted her ability to complete an ongoing lawsuit.

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, in order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that she is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than against instances of purposeful or invidious discrimination, is insufficient to show

discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. *GJR Inv., Inc. v. County of Escambia,* 132 F.3d 1359, 1367-68 (11th Cir. 1998); *Coon v. Ga. Pac. Corp.,* 829 F.2d 1563, 1569 (11th Cir. 1987).

Inmates themselves do not constitute a suspect or quasi-suspect class entitling such persons to "strict scrutiny" of disparate government treatment. Here, what Plaintiff complains of is her disappointment in not being selected for placement at a minimum custody facility and/or at a facility which offered a SAP like some other inmates. Plaintiff regards this conduct as actionable unequal treatment. Nevertheless, Plaintiff does not allege that she has been subjected to any tangible unequal treatment by Defendant's conduct such as his decision being based upon a constitutionally protected interest. As a matter of law, therefore, the allegations supporting this claim, without more, do not rise to the level of a constitutional violation.

*D. Access to Ledger Sheets*

Plaintiff claims that she requested a ledger sheet several times in order to complete an ongoing lawsuit but complains that she was denied access to such document. It is highly doubtful whether Warden Albright personally would have seen or responded to routine requests by inmates for prisoner account information or that he would be engaged in facilitating such requests. Furthermore, to the extent Plaintiff's claim in this regard may be considered an allegation that she has been denied access to the courts as a result of her inability to obtain a ledger sheet in connection with an ongoing lawsuit, such claim is subject

to dismissal.

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). An essential element of any claim of violation of the right to meaningful access to the courts, however, is actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Such injury will be shown when an inmate can "demonstrate that a non-frivolous legal claim has been frustrated or was being impeded." *Id.* at 353. The *Lewis* Court disclaimed any expansions of the right of access to the court which suggested "that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 354. Applying *Lewis* to the facts of this case, the court finds that Plaintiff has failed to state a claim because she has not alleged that she was impeded in the pursuit of a non-frivolous legal claim. *Id.*

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's *respondeat superior*, due process, and equal protection claims be DISMISSED pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's access to courts claim be DISMISSED pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case be DISMISSED prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that on or before **February 4, 2011** the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of January, 2011.

      /s/Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE